## F. W. Woolworth Company v. Covington Brothers & Company.

(Decided March 22, 1921.)

### Appeal from Graves Circuit Court.

Contracts—Sale of Merchandise—Failure of Purchaser to Accept Goods—Remedy of Seller.—Where a purchaser of goods did not receive them and the seller could have sold them without loss, at most there could be a recovery of only nominal damages, but for protection the seller is obliged to use diligence to sell at the market price, and if there is neglect to do so and the market declines there can be no recovery resulting from a decline in the market.

ROBBINS & ROBBINS for appellant.

STANFIELD & STANFIELD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

One of the eleven hundred 5 and 10 cent stores of the F. W. Woolworth Company is located in Mayfield, Ky., and E. L. Brown is the manager. In the same city is located the wholesale grocery firm of Covington Brothers & Company. Both these companies are incorporated. On December 12, 1918, the manager of Covington Brothers & Company called at the Woolworth store in Mayfield, and said to Brown, the manager, he would like to sell Woolworth & Co. a quantity of candy, of which there had been a previous talk between the same parties.

Brown asked Covington what price he would take, in response to which Covington, said, "What will you give?" To which Brown replied 20 cents per pound, whereupon Covington replied, "The candy is yours.

Where do·you want it delivered?'' To which Brown said, ''Hold it in your store until I furnish you shipping orders.''

That afternoon Covington Brothers & Co., who then had in stock about 1,200 cases of candies, separated and set apart in its store 335 cases of candy and marked the packages ''Woolworth.'' This is about the substance of the evidence for Covington Brothers & Co.

The same afternoon Brown wired his firm headquarters in St. Louis that Covington Brothers & Co. were offering sixty cases of toasted marshmellows, two hundred and fifty cases peanut squares, fifty cases imitation chocolate drops at 20 cents per pound, and inquired if the price was acceptable. To·this inquiry the buyer in St. Louis repled by letter in the negative, and the letter was exhibited to the manager of Covington Brothers & Co. by Brown on December 16th, as soon as received, and the order cancelled.

For the Woolworth Company the evidence is to the effect that Brown, the manager, had no authority to buy goods in large quantities; that this fact was made known to Covington Brothers & Co. some days 'before the alleged purchase of the candy as well as upon that day, and that no purchase was in fact made, but the proposition of Covington Brothers & Co. to sell the candy was received and submitted by Brown to the general buyer of the Woolworth stores at St. Louis for his approval, all of which was well known to Covington Brothers & Co.; that the candy was not received by the Woolworth company and never set aside or marked for the Woolworth company, to the knowledge or with the consent of Brown, the manager of the Woolworth store. That the sale of 75 cases of the candy by Covington Brothers & Co., for the account of Woolworth and Co., was without authority from Brown or anyone else acting for the Woolworth store.

While there is an irreconcilable conflict in the evidence as to what took place at the time of 'the alleged sale on December 12th, the following facts may be stated as admitted. A conversation looking to the purchase and sale of a quantity of candy, whether 335 cases as stated by Covington Brothers & Co., or 360 cases as indicated by the telegram of Brown, took place between the manager of Covington Brothers & Co. and the manager of the Woolworth store; that the price named was 20 cents per

pound; no time or place of delivery was fixed; the candy (three varieties) was at the time of the conversation about the sale, intermingled in the store or warehouse of Covington Brothers & Co. with 1,200 cases of similar candy; that there was no actual delivery of the candy, but Covington Brothers & Co. afterwards sold 75 cases of the candy at 20 cents per pound and credited the proceeds to the accountof Woolworth & Co., and now only claim and sue for the balance of the purchase price of the candy.

As the 335 cases of candy were intermingled with a large quantity of similar cases of candy of similar quality it may well be doubted if a sale was made in legal contemplation; certainly there was no delivery either actual or constructive, for even though the candy was afterwards separated and set apart in the Covington Brothers & Co. store, this was without the knowledge or direction of Woolworth's manager, and he therefore did not agree to nor acquiesce in such separation or designation of the candy, and for this reason there was no delivery, even constructive.

But we regard the election of Covington Brothers & Company to sell the candy as the property of the Woolworth store and apply the proceeds to the purchase price as conclusive of the want of right of the plaintiff below to sue for and recover the entire purchase price, for having elected to sell the candy as the property of the defendant store and apply the proceeds of the sale to the account of the Woolworth store, it could not have a second election and hold the candy as the property of the Woolworth store, and sue for the contract price.

Two facts of controlling importance in this case are (1) the candy sold, if a sale was made, was only a part of a great quantity from which that sold was not segregated, (2) according to the seller's contentions a part of the candy was, after the sale and segregation, resold on the order of the original buyer to resell the whole, and for its account.

As there was no segregation of the candy sold at the time of sale from that which was not sold there was no delivery either actual or constructive, and if there was no delivery of the candy, neither the property nor possession therein passed to the buyer and he was not liable for the contract price, but only for such damages for breach of the contract as were sustained by the seller.

If, however, it be admitted that the sale was complete, it was also admitted by the seller that after the sale the buyer ordered it to resell all the candy so purchased by it, and pursuant to this order it did elect to sell the candy for the account of the buyer, and sold 75 cases of the candy at 20 cents per pound and gave the buyer credit for the proceeds, $690.00, but did not, for some reason not ·given, sell the remainder.

In such case, if the facts are as stated in the petition, the seller may have resort to one of three remedies, but when it elects to pursue a given remedy it can not have a second election and pursue a different remedy. The seller was bound by its election to sell the candy for the account of the buyer and apply the proceeds of the resale to the purchase price, and sue for the difference between the market price obtained and the contract price. In making such a sale precaution must be exercised by the seller to obtain the fair market price of the goods sold and if he fail to do so he will be charged with this price and may recover only the difference between it and the contract price, if any there be.

There was no loss to Covington Brothers & Co. on the 75 cases sold at 20 cents per pound for the account of the Woolworth store and it may be that all the candy could have been sold by it at the same price. If it could then it is entitled, at most, to only nominal damages, but if it could not sell the candy at that price, then it was its duty to sell it at the best obtainable price in the market for that quantity and quality of candy, at the time it was directed to sell the same and apply the proceeds to the account of the Woolworth store, and sue for the difference between the contract price and the price at which the candy was sold. To protect itself Covington Brothers & Co. were obliged to use diligence to properly sell the candy at the market price, and if it neglected to do so, and the market price declined it will suffer the loss resulting from a decline in the price. Zinmeister & Bro. v. Rock Island Canning Co., 145 Ky. 31.

On another trial of this case, the parties should be allowed to amend their pleadings to conform to the views herein expressed. The question of fact as to whether Brown agreed unconditionally to purchase the candy without submitting the proposition of Covington Brothers & Co. to the general office of Woolworth in St. Louis, should be submitted by proper instruction to the jury, and if the jury should find that a sale was had as con-

tended by Covington Brothers & Co., then it should be told to find for the plaintiff such sum in damages as will equal the difference between the market price of the candy not sold by it at the time of the refusal of Woolworth & Co. to accept and pay for it and the contract price, if any, not to exceed the amount sought in the petition.

Judgment reversed for proceedings not inconsistent with this opinion.